(Reap. Dec. 8510)

L. E. McCULLOUGH & COMPANY *v.* UNITED STATES

Entry No. 955, etc.

(Decided January 12, 1956)

*Tompkins & Tompkins* for the plaintiff.

*Warren E. Burger*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the Plaintiffs, and the Assistant Attorney General for the United States, Defendant, subject to the approval of Court, that the merchandise covered by the reappraisement appeals listed in the attached Schedule A, which Schedule A is made a part of this stipulation, consists of illuminating glassware imported from Czechoslovakia which is similar in all material respects to the merchandise that was the subject of decision in the case of *United States v. Nelson Bead Co.*, C. A. D. 590, and that

the issues involved in said reappraisement appeals set forth in the attached Schedule A are similar in all material respects to the issues in said case.

It is further stipulated and agreed that the record in the case of *United States v. Nelson Bead Co.*, C. A. D. 590 be incorporated in and made a part of the record in the cases set forth in the attached Schedule A.

It is further stipulated and agreed that the appraised values of the merchandise covered by the reappraisement appeals in the attached Schedule A, less the additions made by the importer on entry because of advances by the Appraiser in similar cases, are equal to the market values or the prices at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, and that there was no higher foreign value for such or similar merchandise.

The reappraisement appeals listed in the attached Schedule A are submitted for decision upon this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.